Chen v. Lynch

BIA
Poczter, IJ
A205 337 091

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of December, two thousand fifteen.

PRESENT:
>        ROBERT A. KATZMANN,
>              *Chief Judge,*
>        PETER W. HALL,
>        RAYMOND J. LOHIER, JR.,
>              *Circuit Judges.*

_____

MEI CHEN,
>        *Petitioner,*

>        v.                                         14-4333
>                                                   NAC

LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
>        *Respondent.*

_____

FOR PETITIONER:          Jan Potempkin, New York, NY.

FOR RESPONDENT:          Benjamin C. Mizer, Principal Deputy Assistant Attorney General; Eric W. Marsteller, Senior Litigation

Counsel; Joseph D. Hardy, Trial
Attorney, Office of Immigration
Litigation, United States
Department of Justice, Washington,
D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mei Chen, a native and citizen of China, seeks review of an October 29, 2014, decision of the BIA affirming a June 11, 2013, decision of an Immigration Judge ("IJ") denying Chen's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mei Chen,* No. A205 337 091 (B.I.A. Oct. 29, 2014), *aff'g* No. A205 337 091 (Immig. Ct. N.Y. City June 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision. *See Mei Chai Ye v. U.S. Dep't of Justice*, 489 F.3d 517, 523 (2d Cir. 2007). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

2

For asylum applications such as Chen's, governed by the REAL ID Act of 2005, the agency may, "considering the totality of the circumstances," base a credibility finding on an asylum applicant's "demeanor, candor, or responsiveness," the plausibility of her account, and inconsistencies in her statements and evidence, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008) (per curiam). An omission in an applicant's testimony or supporting documents is "functionally equivalent" to an inconsistency and "can serve as a proper basis for an adverse credibility determination." *Xiu Xia Lin*, 534 F.3d at 166 n.3. "We defer therefore to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Id*. at 167.

Chen applied for asylum based on a claim that she was subject to a forced abortion. The agency found that Chen was not credible because she did not mention this abortion during her credible fear interview, despite maintaining that she was

forced to use an intrauterine device ("IUD") and threatened with sterilization, and she was inconsistent regarding when she was forced to use an IUD. This omission and inconsistency constitute substantial evidence supporting the agency's adverse credibility determination.

During her credible fear interview, Chen stated that authorities in China "wanted to catch [her] so they could insert an IUD and sterilize [her]." She did not reference any abortion. Further, she explained that authorities asked her in December 2009 to have an IUD inserted. In her asylum application, however, Chen stated that she was required to use an IUD beginning in August 1995, had it removed in January 2011, and was forced to terminate a pregnancy in October 2011. When asked about these discrepancies, Chen explained that she was "very nervous" during the credible fear interview. Given the central importance of this omission in her testimony at the credible fear interview, the IJ did not err in declining to credit her explanation for the omission. Under the circumstances, nothing in her explanation would compel a reasonable fact-finder to do so. *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005). These inconsistencies regarding

4

the main incident of past harm, the abortion, and the related discrepancies regarding the IUD are sufficient grounds for an adverse credibility determination. *See Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006) (per curiam).

Furthermore, the agency did not err in relying on the credible fear interview to find Chen not credible. The record bears sufficient indicia of the interview's reliability: it provides a verbatim account of Chen's statements, including her answers to questions regarding why she feared returning to China; the questions regarding her fear of return were clearly designed to elicit the details of an asylum claim; and there is no indication that Chen was not forthcoming given her statements about an IUD and threatened sterilization. *See Ming Zhang v. Holder*, 585 F.3d 715, 723-25 (2d Cir. 2009); *Ramsameachire v. Ashcroft*, 357 F.3d 169, 179-80 (2d Cir. 2004) (discussing indicia of reliability in border interviews).

Finally, the agency reasonably gave limited weight to the documentary evidence. The unsworn letters from Chen's husband and friend were from interested authors not subject to cross examination. *See Matter of H-L-H- & Z-Y-Z-*, 25 I&N Dec. 209, 215 (B.I.A. 2010), *overruled on other grounds by Hui Lin Huang*

5

*v. Holder*, 677 F.3d 130, 137-38 (2d Cir. 2012); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (noting that the weight afforded to evidence lies largely within the discretion of the agency).

The agency also reasonably gave limited weight to the abortion certificate Chen provided. Although the agency may not reject an official record solely because it is not authenticated pursuant to regulation, *see Cao He Lin v. Gonzales*, 428 F.3d 391, 404-05 (2d Cir. 2005), Chen did not demonstrate the authenticity of the certificate through any other alternative objective means and gave no explanation as to when she received the certificate or who gave it to her. Here, Chen argues that authentication is not necessary because the certificate is a medical record, not an official government record. Chen's asylum claim is, however, based on the proposition that government officials forced her to terminate her pregnancy: a medical record stating that Chen had an abortion, without addressing whether the abortion was voluntary or involuntary, does not rehabilitate her otherwise incredible testimony. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007).

6

The inconsistencies in the record go to the heart of Chen's claim and provide substantial evidence for the agency's credibility finding. Because the only evidence of a threat to Chen's life or freedom depended upon her credibility, the agency's finding that she was not credible necessarily precludes success on her claims for asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7